**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

TEJAS VISHNUBHAI PAREKH,

                Petitioner,

     v.

WARDEN, PIKE COUNTY
CORRECTIONAL FACILITY,

                Respondent.

CIVIL ACTION NO. 3:26-CV-01719

(MEHALCHICK, J.)

**ORDER**

Before the Court is Tejas Vishnubhai Parekh's ("Parekh") petition for writ of habeas corpus. (Doc. 1). Parekh requests that Respondent Warden of the Pike County Correctional Facility ("Respondent") release him from custody. For the following reasons the Court finds that Parekh's petition is duplicative and shall be **DENIED without prejudice**.

The prohibition against successive petitions filed under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 does not apply to petitions for habeas corpus filed in the immigration context under 8 28 U.S.C. § 2241; however, the abuse of writ doctrine may apply to bar successive immigration habeas petitions. *Zayas v. I.N.S.*, 311 F.3d 247, 255-56 (3d Cir. 2002); *Abdel-Whab v. Secretary of Dept. of Homeland Sec.*, 132 F. App'x 988, 989-90 (3d Cir. 2005). A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab*, 132 F. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

An order of removal becomes final "upon expiration of the time allotted for an appeal." 8 C.F.R. § 1241.1; 8 U.S.C. § 1231. To appeal an order of removal, the petitioner or respondent must file a notice to appeal with the Board of Immigration appeals ("BIA") within thirty calendar days of the immigration judge's decision. 8 C.F.R. § 1003.38(b)(2). The date the notice to appeal is deemed filed is the date the BIA receives the notice of appeal. 8 C.F.R. § 1003.38(c). Once an order of removal becomes final, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(B).

Parekh's instant petition is nearly identical to a petition for writ of habeas corpus he previously filed, which the Court denied on June 11, 2026. (Doc. 1); *Parekh v. Warden*, 3:26-cv-01375, Dkt. No. 13. The only difference between the two petitions is that in the instant petition, Parekh indicates that he filed an appeal of his order of removal on June 6, 2026. (Doc. 1, at 2, 5). However, Parekh's appeal of his order of removal was not timely because he failed to file his appeal within thirty days of April 20, 2026, the date the immigration judge issued Parekh's order of removal. *Parekh v. Warden*, 3:26-cv-01375, Dkt. No. 13; 8 C.F.R. § 1241.1; 8 C.F.R. § 1003.38(b)(2), (c). Accordingly, Parekh remains detained under 8 U.S.C. § 1231, and the government has arranged for Parekh's removal within the statutory ninety-day removal period. *Parekh v. Warden*, 3:26-cv-01375, Dkt. No. 13. As the posture of Parekh's confinement has not changed, and Parekh's instant petition for writ of habeas corpus is otherwise identical to his previously filed petition, the instant petition (Doc. 1) is successive and duplicative and need not be entertained by the Court. *Esogbue*, 142 F. App'x at 100 (citing *Kuhlmann*, 477 U.S. at 454); *Abdel-Whab*, 132 F. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

- 3 -

For the foregoing reasons **IT IS HEREBY ORDERED** that Petitioner Tejas Vishnubhai Parekh's ("Parekh") petition for writ of habeas corpus is **DENIED without prejudice**. (Doc. 1). The Clerk of Court is directed to close this matter.

**BY THE COURT:**

**Dated: June 25, 2026**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**